**VORTEX COMMUNICATIONS, INC., Plaintiff,**

v.

**AMERICAN TELEPHONE & TELEGRAPH COMPANY, Defendant.**

No. 93 Civ. 2141 (MGC).

United States District Court, S.D. New York.

Aug. 19, 1993.

**20**

Seham, Klein & Zelman, New York City (Jeffrey M. Schlossberg, Joel R. Dichter, of counsel), for plaintiff.

Sidley & Austin, New York City (Elizabeth Sacksteder, Steven M. Bierman, of counsel), for defendant.

## MEMORANDUM OPINION AND ORDER

CEDARBAUM, District Judge.

Vortex Communications, Incorporated ("Vortex"), a provider of pay-per-call telephone service, sues American Telephone and Telegraph Company ("AT & T") for allegedly violating the Communications Act of 1934, 47 U.S.C. §§ 151 *et seq.* Vortex contends that AT & T's termination of three area code 900 numbers assigned to Vortex violates §§ 201 and 202 of the Act. Vortex also asserts a claim of breach of contract under state law.

■ Where a "judicially cognizable claim is presented but 'enforcement of the claim requires the resolution of issues which, under a regulatory scheme, have been placed within the special competence of an administrative body,' " and issues which involve technical factual questions uniquely within an agency's expertise and experience, the doctrine of primary jurisdiction warrants a stay of the action pending resolution of the issues by the agency. *Goya Foods, Inc. v. Tropicana Products, Inc.*, 846 F.2d 848, 851 (2d Cir. 1988) (quoting *United States v. Western Pacific Railroad Co.*, 352 U.S. 59, 64, 77 S.Ct. 161, 165, 1 L.Ed.2d 126 (1956)). This case presents such a claim.

■ AT & T moves to dismiss the action on the ground that Vortex fails to state a claim under the Communications Act. AT & T argues that in *AT & T Dial-It Services and Third Party Billing and Collection Services*, 4 F.C.C. Rcd No. 9 (1989) the FCC ruled that where AT & T offers Premium Billing services to a subscriber, the assignment of telephone numbers for area code 900 numbers is not a basic telephone service subject to tariff, and therefore is subject only to the Billing Services contract. AT & T also cites a later FCC ruling, *In re Paul Ondulich v. AT & T Communications, Inc.*, 5 F.C.C. Rcd No. 11 (1990), in support of that position.

Vortex responds that AT & T has misinterpreted *Dial-It Services.* According to Vortex, the FCC has ruled that assignment of area code 900 telephone numbers is a basic telephone service subject to tariff.

Because both parties rely on the same FCC ruling as support for their positions, whether Vortex states a claim under the Communications Act hinges on the interpretation of an FCC ruling. In the event that Vortex does state a claim under the Communications Act, resolution of this action will require interpretation of the applicable tariff which provides that "[n]othing herein or elsewhere in this tariff shall give any Customer . . . any interest or proprietary right to any AT & T MultiQuest Service 900 telephone number." (Bierman Aff., Ex. B.)

Interpretation of the FCC ruling, that is, determining whether the assignment and retention of telephone numbers is governed by tariff, involves the technical issue of whether the telephone number is a component of basic transmission service or a component of billing and collection service. Interpretation of the tariff requires determination of the extent, if any, of Vortex's proprietary interest in the terminated telephone numbers. Both determinations involve technical and policy considerations within the expertise of the FCC, the agency to which Congress has given primary responsibility for making such determinations. *See Erdman Technologies Corp. v. US Sprint Communications Co.*, No. Civ. 91–7602, 1992 WL 77540 at *3 (S.D.N.Y. Apr. 9, 1992); *American Telephone & Tele-*

*graph Co. v. United Artists Payphone Corp.*, No. 90 Civ. 3881, 1990 WL 200653 at *5 (S.D.N.Y. Dec. 3, 1990). Moreover, FCC resolution of these issues will promote uniformity of regulation of the telephone industry. *See Nader v. Allegheny Airlines, Inc.*, 426 U.S. 290, 303–04, 96 S.Ct. 1978, 1987, 48 L.Ed.2d 643 (1976) (may be appropriate to refer issues to an agency where referral will "secure uniformity and consistency in regulation of business entrusted to a particular agency").

For the foregoing reasons, this case falls squarely within the doctrine of primary jurisdiction. Accordingly, plaintiff is directed to submit these technical issues to the FCC and this action is stayed pending resolution of these issues by the FCC. In the interim, this stayed action is transferred to the Suspense Docket of the Court.

SO ORDERED.